## DROWN *v.* FOSS.

An execution creditor who cuts hay upon land of which he is in possession under the levy of his execution, and before he re-conveys his interest in the land, is not liable in trespass *quare clausum* for remaining in possession, or for removing the hay while in possession after such conveyance.

TRESPASS, brought in the Court of Common Pleas, for breaking and entering the plaintiff's close, and carrying away a quantity of hay. The case was submitted upon the following agreed statement of facts:

The hay in controversy grew upon land which was set off, June 7, 1856, on an execution against one John B. Foss, to a creditor, who conveyed his interest in the land to the defendant, Warren Foss, July 20, 1857. May 30, 1857, another execution against John B. Foss was levied upon his equity of redemption, which was sold to the defendant at auction, July 3, 1857. On the morning of August 3, 1857, as the defendant was going upon the land to cut the hay, John B. Foss forbade his cutting it, and said he was going to redeem that day, but the defendant mowed the hay in controversy that forenoon. In the afternoon of the same day, John B. Foss demanded a deed of the land from the defendant, requested that the plaintiff be made grantee in the deed, and paid the defendant the amount of the debts, costs and charges, and the defendant delivered to him a deed, as he requested. At that time both parties claimed the hay cut by the defendant, and John B. Foss offered to pay the defendant for cutting it. The defendant afterwards cured it, and carried it away.

The Court of Common Pleas rendered judgment for the plaintiff, and the defendant alleged exceptions, which were allowed.

*Peavey*, for the defendant.

*Wheeler & Hall*, for the plaintiff.

DOE, J. The defendant, while in possession of land under the levies of executions, cut the hay before the payment or tender of the amount of his claims, and before he conveyed his interest in the land to the plaintiff. Whether the defendant could have been, or can now be, held accountable for the hay, as for rents and profits, in any other proceeding, or whether he is liable for use and occupation of the land while curing and removing the hay, are questions not before us. By cutting the hay before redemption he became the absolute owner of it, and it did not pass, by his deed, to the plaintiff. If the defendant, with his family, had occupied a house upon the land, and John B. Foss, or any person having his right, within the time allowed by statute, had tendered to the defendant the sums due him, according to the statute, thereby rendering void the extents of the executions, the defendant would not thereupon be liable, in this form of action, for removing or for not removing his family and furniture. While continuing in a possession originally rightful, whatever might be the nature and conditions of his tenancy, he would not be liable, in trespass *quare clausum*, for merely occupying the premises, or removing his property therefrom. Before curing and removing the hay, the defendant delivered to John B. Foss a deed of his interest in the land, in which deed the plaintiff was made grantee, at the request of John B. Foss, who paid the redemption money. It does not appear that the plaintiff was present, or that he had authorized John B. Foss to receive the deed, or that he has ever had, or claimed to have, actual possession of the land or the deed. But if it might not be necessary for him to enter, in order to maintain trespass against one who should enter as a trespasser after the delivery of the deed, and if the deed might take effect from the time of its delivery to John B. Foss, by the assent of the plaintiff, presumed by law or shown by his bringing this suit, yet it is clear that the defendant did not abandon or surrender, nor intend to

Drown *v.* Foss.

abandon or surrender, the actual possession of the premises, before removing his hay. He could not easily have made his possession more real and manifest than by curing his hay there. After the delivery of the deed he did not make a new entry, but continued his former possession, which was lawfully acquired, and for that he is not liable in this form of action.

*Exceptions sustained—Judgment vacated—Judgment for the defendant.*